Stanley Nevel v. Commissioner.
Nevel v. Commissioner
Docket No. 16303.
United States Tax Court
1949 Tax Ct. Memo LEXIS 292; 8 T.C.M. (CCH) 25; T.C.M. (RIA) 49002; January 17, 1949
*292 Credit for dependent children determined. William R. Quinn, Esq., for the petitioner. Clarence E. Price, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion An income tax deficiency for the calendar year 1944, in the amount of $200, in involved. This deficiency arises by reason of the respondent's disallowance of a claimed credit of $1,000 for two dependents. The return for the period here involved was filed with the collector of internal revenue at Cleveland, Ohio. Findings of Fact The petitioner, Stanley Nevel, resides at Canton, Ohio. He was separated from his wife, Marjorie Nevel, *293 in January, 1944, and they entered into a separation agreement providing for disposition of their property and that Mrs. Nevel should have custody of their two minor children with the petitioner paying $25 per month to Mrs. Nevel toward the support of each child. This separation agreement was adopted by the Court of Domestic Relations of Stark County, Ohio, in its Order wherein the final divorce decree was rendered. The petitioner paid, throughout the year 1944, in accordance with the Court Order, the total of $600 toward the support of his two minor children. The mother was employed and with the money she received from such employment and also the $600 furnished her by the petitioner paid all the necessary expenses toward the support and maintenance of the two minor children. She expended in excess of $1,600 during the year 1944 toward their support. The petitioner, for the year 1944, elected to compute his income tax liability under the provisions of section 400 of the Internal Revenue Code and claimed credit for two minor children as dependents. The mother, in reporting her income to the Commissioner of Internal Revenue, also claimed credit for the two *294 minor children. The petitioner did not furnish 50 per cent of the support of the two claimed dependents. Opinion ARUNDELL, Judge: The petitioner seeks a credit of $500 each for his two dependent minor children under the provisions of section 25 of the Internal Revenue Code. [1] He contributed toward their support $600, or $25 per month for each child. The children were in the custody of their mother who was petitioner's divorced wife. The evidence establishes, as will appear from our findings, that the sums contributed by petitioner did not represent one-half of the cost of supporting his two children, but, on the contrary, their chief support was furnished by their mother, who claimed the credit in her individual income tax return for the year. While under the laws of Ohio the chief responsibility for the support of minor children may be on their father, under the Federal revenue laws the credit allowed for the support of minor children may be taken only by the parent who in fact furnishes over half of that support. *295 Decision will be entered for the respondent. Footnotes
1. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Surtax Only. - (1) Credits - There shall be allowed for the purpose of the surtax, but not for the normal tax, the following credits against net income: (C) A surtax exemption of $500 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500, except that if such dependent is married the exemption in respect of such dependent shall not be allowed if such dependent has made a joint return with the other spouse under section 51 for a taxable year beginning in such calendar year. * * *
(3) Definition of Dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: (A) A son or daughter of the taxpayer, or a descendant of either, * * *↩